IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Phuc Trong Nguyen<br><br>                           Petitioner,<br><br>vs.<br><br>Kristi Noem, Secretary, Department of Homeland Security et al.,<br><br>                          Respondents. | Case No. 0:26-cv-01444-DMT-EMB |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

[¶ 1] THIS MATTER comes before the Court on a Petition for Writ of Habeas Corpus filed on February 15, 2026. Doc. No. 1. The Respondents filed a Response on February 18, 2026. Doc. No. 4. Petitioner filed a Reply on February 20, 2026. Doc. No. 7. As ordered by the Court, Respondents filed supplemental information relating to the Petition on March 9, 2026. Doc. No. 9. For the reasons set forth below, the Petition is **DENIED** and **DISMISSED without prejudice**.

**BACKGROUND**

[¶ 2] Petitioner is a 52-year-old citizen of Vietnam. Doc. No. 1, ¶ 26. He entered the United States in 1989 at Seattle, WA, as a refugee. Doc. No. 6, ¶ 4. Petitioner's status was adjusted in 1991 to Lawful Permanent Resident. Id. ¶ 5. Petitioner is a lengthy criminal history that began with a conviction for Felony 1st Degree Criminal Sexual Assault in Minnesota in 1995. Doc. No. 1, ¶ 27. Despite this, it was not until 2009 that immigration authorities ordered him removed from the United States to Vietnam due to this conviction. Doc. Nos. 1, ¶ 28; 5-1; 9-1, ¶ 5. He was ultimately placed on an Order of Supervision on August 14, 2009, which permitted him to remain

in the United States so long as he abided by certain conditions, including periodic check-ins with immigration authorities. Doc. Nos. 1, ¶ 28; 9-1, ¶ 6.

[¶ 3]     After his removal order was entered, Petitioner began a run of criminal activity beginning in 2012 in Minnesota with convictions for: (1) Felony 5th Degree Possession of Marijuana (2012), (2) Misdemeanor Possession of Drug Paraphernalia (2012), (3) two charges of Misdemeanor Theft (2013), (4) Felony Motor Vehicle Theft (2013), (5) Misdemeanor Failure to Have Driver's License in Possession (2014), and (6) fourteen Felony counts of Unlawful Possession of Firearms and Ammunition (2016 and 2019).

[¶ 4]     On December 12, 2025, Petitioner failed to report for a scheduled check-in on his Order of Supervision. Doc. No. 9-1, ¶ 7. On December 23, 2025, ICE encountered Petitioner and placed him under arrest. That same day, he was given a Notice of Revocation of Release which indicated "ICE ha[d] determined that there is a significant likelihood of removal in the reasonably foreseeable future in your case." Doc. No. 9-2. Also on that same day, Petitioner was given the required informal interview to respond to the reasons for revocation of his Order of Supervision. Doc. No. 9-3. He did not provide any written response or documents. Id.

[¶ 5]     Petitioner claims this process violates (1) 8 U.S.C. § 1231, (2) his substantive due process rights, (3) his procedural due process rights, (4) the Fourth Amendment warrant requirement, and (5) the Accardi[1] doctrine.

## DISCUSSION

### I.    Legal Standard: Habeas Corpus

[¶ 6]     The Constitution provides the right to a Writ of Habeas Corpus, which requires authorities to present a detained person before the court to determine if the detainment is lawful. See U.S.

---

[1] United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260, 268 (1954).

Const. Art. I, § 9. "Habeas is at its core a remedy for unlawful executive detention." <u>Munaf v. Green</u>, 553 U.S. 674, 693 (2008). As a general matter, 28 U.S.C. § 2241 grants district courts broad jurisdiction to issue a writ of habeas corpus "as law and justice require." <u>Jones v. Hendrix</u>, 599 U.S. 465, 473 (2023). A prisoner can bring a petition for a writ of habeas corpus when "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Supreme Court has held that § 2241(c)(3) confers jurisdiction on district courts to hear habeas corpus challenges to the legality of the detention of aliens. <u>Rasul v. Bush</u>, 542 U.S. 466 (2004).

[¶ 7]   To benefit from the writ's protection, a habeas petitioner bears the burden of demonstrating by a preponderance of the evidence that his or her detention is unlawful. <u>Maldonado v. Olson</u>, 795 F. Supp. 3d 1134, 1143 (D. Minn. 2025) (collecting cases). Since the Petitioner is currently being held in Minnesota, this Court has jurisdiction over this matter. See <u>Trump v. J.G.G.</u>, 604 U.S. 670, 672 (2025) (per curiam) (holding that jurisdiction for core habeas petitions "lies in only . . . the district of confinement").

### II.   Detainment under § 1231

[¶ 8]   Generally, after an order of removal the government has 90 days to remove the alien from the United States, starting from either the date the order is administratively final, the date of a judicial review of the order, or after other confinement is complete. 8 U.S.C. § 1231(a)(1)(A)–(B). After 90 days, detainees are released on supervision unless they are determined "to be a risk to the community or unlikely to comply with the order of removal." <u>Id.</u> § 1231(a)(3), (6). Supervision, including its revocation, is governed by regulation. <u>Id.</u> § 1231(a)(3).

> Upon revocation, the alien will be **notified of the reasons for revocation** of his or her release. The Service will conduct an **initial informal interview promptly after his or her return to Service custody** to **afford the alien an opportunity to respond to the reasons for revocation** stated in the notification. The alien may

- 3 -

> submit any evidence or information that he or she believes shows there is no significant likelihood he or she be removed in the reasonably foreseeable future, or that he or she has not violated the order of supervision. The revocation custody review will include an evaluation of any contested facts relevant to the revocation and a determination whether the facts as determined warrant revocation and further denial of release.

8 C.F.R. § 241.13(i)(3) (emphasis added).

[¶ 9] This process was followed in this case. The Petitioner was brought into ICE custody on December 23, 2025, after having failed to report to his scheduled check-in under his Order for Supervision. He was notified of the reasons for the revocation of his release. He submitted to the informal interview and was given an opportunity to respond but chose not to. Based upon the evidence before the Court, ICE complied with its regulatory requirements. It is well within ICE's authority to detain Petitioner—an alien ordered removed after a Felony 1st Degree Criminal Sexual Conduct conviction—to remove Petitioner to his home country of Vietnam. The Court, therefore, finds the Respondents' detaining Petitioner did not violate 8 U.S.C. § 1231.

### III.  Due Process

[¶ 10] Petitioner argues both his substantive and procedural due process rights have been violated by his continued detention. For due process purposes, in Zadvydas v. Davis, the Supreme Court stated that a six-month detention is presumptively reasonable, but after that time detention may become unreasonable. 533 U.S. 678, 701 (2001). However, this presumption "does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Id. Other courts have previously recognized several situations that meet this criteria: no country will accept the detainee, origin or other foreign country refuses travel documents or delays to the point of a presumption they will never be issued, or political conditions of the country of origin. Ahmed v. Brott, Civ. No. 14-5000 (DSD/BRT), 2015 WL 1542131, at *4

(D. Minn. Mar. 17, 2015). "In other words . . . there must be some indication that the government is either unwilling or, due to seemingly insurmountable barriers, incapable of executing an alien's removal." Id.

[¶ 11]   These barriers do not exist in the present case. At the present time, Petitioner is well within the constitutional bounds for detention while the Respondents attempt to secure his removal to Vietnam. Petitioner has presented no evidence Vietnam is unable or unwilling to accept his repatriation. The Respondents believe it is an appropriate time to attempt to remove him. For constitutional purposes, because Petitioner's detention is still within the six-month presumptive period under Zadvydas, his due process claims necessarily fail.

### IV.   Fourth Amendment Search and Seizure

[¶ 12]   Petitioner claims he was arrested without consent or a judicial warrant for his arrest. However, nothing in 8 U.S.C. § 1231 or 8 C.F.R. 241.13 require a warrant to revoke an alien's release when there is an outstanding order for removal of the alien from the United States. Indeed, it appears the agents' actions are justified under 8 U.S.C. § 1357, which allows immigration officers without a warrant "to interrogate any alien or person believed to be an alien as to his right to be or to remain in the United States." This is precisely what happened in this case. They detained him without a warrant because he failed to report for a scheduled check-in under his Order for Supervision. Upon arrest, he was promptly given the informal interview and notification of the revocation of his supervision. See Noem v. Vasquez Perdomo, 146 S. Ct. 1, 3 (Kavanaugh, J., concurring) ("[R]easonable suspicion means only that immigration officers may briefly stop the individual and inquire about immigration status. . . . Only if the person is illegally in the United States may the stop lead to further immigration proceedings."). Petitioner's claim he was arrested contrary to the Fourth Amendment, therefore, fails.

V.   <u>Accardi</u> **Doctrine**

[¶ 13]   Petitioner's final claim asks the court to set aside the agency's actions under <u>Accardi</u>. This claim, however, is premised on the success of Petitioner's underlying claims, which the Court has rejected. <u>See</u> <u>Accardi v. Shaughnessy</u>, 347 U.S. 260, 268 (1954) ("If Petitioner can prove the allegation [that the agency failed to follow its rules in a hearing] he should receive a new hearing."). Because the Court concludes the agency followed its regulations, the Court finds there is no justification to set aside its action in detaining Petitioner while it attempts to remove him to Vietnam. <u>See</u> 8 C.F.R. § 241.4(i)(3).

**CONCLUSION**

[¶ 14]   Accordingly, for the reasons set forth above, the Petitioner's Habeas Petition is **DENIED**. This action is **DISMISSED without prejudice**.

[¶ 15]   **IT IS SO ORDERED**.

DATED March 11, 2026.

Daniel M. Traynor, District Judge
United States District Court